**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                          :          Chapter 13

Edward K. Dargbeh
    V.
Kevin Butler

    (DEBTOR)                                      :          Bankruptcy No. 18-11580ELF13

## Stipulation Resolving Adversary Complaint and Objection to Confirmation and Motion to Avoid Lien concerning Edward K. Dargbeh

Debtor (Kevin Butler) and creditor Edward K. Dargbeh also known as, (Edward K. Dargbeh Jr.) intend to resolve a pending Adversary Action and Objection to Confirmation as follows:

Whereas Debtor filed for protection under Chapter 13 on March 8, 2018.

Whereas creditor has filed an adversary action and objection to confirmation.

Whereas Debtor disputes the non-dischargeablilty.

Whereas the parties have agreed to the following terms and conditions.

1. Debtor will pay $2,500 upon signing of this agreement, which shall take place in the Law Offices of Predrag Filipovic, Esq. 1735 Market st. Ste 3750, Philadelphia, PA 19103, on a mutually agreed upon date no later than July 20th 2018;
2. Payment of shall be made to the Law Office of Predrag Filipovic, Esq.

3. Upon approval of this stipulation by the Court, the Debtor will pay an additional $2,500 to the same payee, by September 1, 2018;

    a. As material consideration of this settlement agreement Debtor and on the behalf of the Butler Home Improvement, and Butler's Home Improvement Inc, Butler's Home Improvement LLC, ("Butler entities"), also assign all rights and claims, whether known or unknown, in law and equity and under statute, against the liability insurer at the time Creditor's claims against Debtor and or Butler entities arose, 12/19/2013 to 12/19/2014, pursuant to policy number

8370500086 for its bad faith handling or any other cause of action or its denial of coverage for the claims of Edward Dargbeh Jr.

and against at least the following entities and their proxies known as,:
b. "QBE Specialty Insurance Company", including any other legal business names it may have operated under, or it now operates under invading all its successor(s), in interest or related entities, successor or assigns of assets and or liabilities, including but not limited to:

c. QBE North America, PO Box 975, Sun Praire, WI 53590,

d. Armour Risk Management, Inc. PO Box 302, Buffalo, NY 14240

4. Debtor will cooperate and assist Edward Dargbeh Jr. and his counsel in any claim, litigation or trail including, but not limited to testimony, reasonably requested documents and responding to inquiries from counsel for said creditor. As a first step in fulfillment of these terms Kevin Butler shall furnish information and execute the an affidavit under oath regarding factual predicates of his dealing with his insurer(es) named or referenced above.

5. If Debtor defaults under the above provisions, a 7 day notice of default and specified request to cure, shall be served by electronic mail to Creditor's undersigned attorney, and Mr. Kevin Butler at kevjec1@hotmail.com. If the notice of default e mail is sent by Creditor and or his attorney, it shall be considered served regardless of whether or not Debtor and or his attorney received it, Butler assumes responsibility to monitor their electronic inboxes and adjust settings appropriately.

6. **If Debtor fails to cure his default after 7 day grace period to cure, then Debtor shall be in default of this agreement.**

7. **Only upon Default of the Debtor under this agreement, as provided for above, DEBTOR KEVIN BUTLER, HEREBY AGREES TO CONESSION OF JUDGMENT IN THE SAME AMOUNT OF $204,952, plus post judgment interest in the amount of 6%, counted from date of entry of original judgment, April of 2017, until the date of default. DEBTOR HEREBY WAIVED ANY RIGHT TO DEFEND OR OBJECT TO THE FOREGOING.**

8. **In the event of default, at Creditor's election, is hereby agreed that the entire judgment in the amount of $204,952 will no longer be discharged, or dischargeable in the current or any subsequent bankruptcy proceeding by this Debtor, and the lien on Debtor's residence at 5640 Haddington Street, Philadelphia, PA, or any other residence he may reside in at the time shall be reinstated.**

9. In consideration of the terms set forth above, within 7 days of execution of this agreement, Creditor withdraws his objection to confirmation, resolves the adversary action as stated and will make the judgment satisfied upon conclusion of the litigation or action pursued against the insurer.

10. This agreement is not contingent upon success of the bad faith action. The agreement is effective whether or not said creditor collects funds from the insurer.

11. Creditor will not oppose confirmation of any plan that incorporates this stipulation as the plan treatment of said creditor.

12. This is an entire agreement between the parties and can only be modified by written agreement of parties and or court approval.

13. These terms are effective regardless of the disposition of this Chapter 13 and will remain in effect.

Dated: 7-17-18

_____
Michael A. Cataldo, Esquire
Counsel for Debtor

Dated: 7-17-18

_____
Kevin Butler Individually

Dated: 7-18

_____
Kevin Butler

On the behalf of
of Butler's Home Improvement and Butler's Home Improvement Inc.

Dated: _____

Predrag Filipovic, Esquire
Counsel for Edward Dargbeh

Dated: _____

Edward Dargbeh
Judgement Creditor


Approved by the Court

_____

Eric L. Frank
Chief Bankruptcy Judge